UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN TAMPICO,<br>BOP #79426-079, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-17-3631 |
| | § | |
| ANGEL MARTINEZ, III, in his individual<br>capacity, | § § | |
| | § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Plaintiff Jonathan Tampico (BOP #79426-079) ("Plaintiff") is a federal prisoner currently in the custody of the Bureau of Prisons at the Beaumont Low Federal Correctional Institution. Plaintiff has filed this lawsuit pursuant to 28 U.S.C. § 1331, seeking the return of property that was seized by the United States government in connection with his criminal case in July 1998, and $1 million in damages from Defendant Angel Martinez III in his individual capacity. Defendants have filed a motion to dismiss [Civ. Doc. No. 11], which the Court has converted to a motion for summary judgment, providing the parties with notice under Federal Rule of Civil Procedure 12(d). [Civ. Doc. No. 17]. The Court has considered the motion, response, evidence submitted by the parties, and applicable law, and concludes as follows.

# I.    BACKGROUND

On July 24, 1998, the College Station Police Department ("CSPD") executed a search warrant for Plaintiff's home, shed, and vehicle on suspicion that he possessed child pornography. [Civ. Doc. No. 16-1 at 5 ¶¶ 3-4].[1] Defendant Angel Martinez, III ("Martinez"), an agent with the Federal Bureau of Investigation ("FBI"), was present during the search and seizure of Plaintiff's property but did not execute the warrant or handle evidence at that time. [Civ. Doc. No. 11-1 at 2 ¶¶ 1-3].  CSPD officers seized numerous boxes and a substantial number of other items of Plaintiff's property in connection with the search.  [Civ. Doc. No. 1 at 8-16].  CSPD also seized $900 cash in the form of nine $100 bills from Plaintiff.  [*Id.* at 9].

On December 9, 1998, a grand jury in the United States District Court for the Southern District of Texas returned a five-count indictment against Plaintiff, charging him with possession of child pornography involving the sexual exploitation of minors under 18 U.S.C. §§ 2252(a)(4)(B) and 2 (Count 1); receipt of child pornography under 18 U.S.C. §2252(a)(2) (Count 2); distribution of child pornography involving the sexual exploitation of minors under 18 U.S.C. §2252(a)(2) (Count 3); reproduction of child pornography involving the sexual exploitation of minors under 18 U.S.C. §2252(a)(3) (Count 4); and criminal forfeiture of property involving the sexual exploitation of minors under 18 U.S.C. §2253 (Count 5).[2] *See United States v. Tampico*, Crim. A. No. H-98-485-01 (S.D. Tex. 2000) [Crim. Doc. No. 1]; [Civ. Doc. No. 16-1 at 26-29].

---

[1] Unless otherwise specified, all references to the filings in this civil action will be styled "Civ. Doc. No. —" and will reflect the pagination stamped at the top of the document by the CM/ECF system.

[2] Under Federal Rule of Evidence 201, the Court takes judicial notice of the filings in Plaintiff's criminal case in this district, *United States v. Tampico*, Crim. A. No. H-98-485-01 (S.D. Tex. 2000). *See* FED. R. EVID. 201; *see, e.g., Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (noting that it is appropriate to take judicial notice of the record in prior litigation of the same parties formerly before the court); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that it was not an abuse of discretion to take judicial notice of public records directly relevant to the issue at hand).  Hereinafter, all references to Plaintiff's criminal case are styled "Crim. Doc. No. —" and the citations reflect the pagination stamped in the CM/ECF system on the top of the document referenced.

After a bench trial, the court rendered a verdict of guilty as to Counts 1, 2, and 3, but not guilty as to Count 4. [Crim. Doc. No. 123]. On February 14, 2000, Tampico was sentenced to 60 months' imprisonment for Count 1, and 360 months for Counts 2 and 3, to run concurrently, with 3 years' supervised release on Count 1, and 5 years' supervised release on Counts 2 and 3, to run concurrently, with a fine of $5,000 and a special assessment of $300 ($100 for each count). [Crim. Doc. No. 119]. The court dismissed the criminal forfeiture claim, Count 5, on the government's motion on February 14, 2000. *Id.*; [Civ. Doc. No. 16-1 at 35].

Plaintiff appealed, and the Fifth Circuit affirmed his conviction on July 30, 2001. *United States v. Tampico*, 265 F.3d 1059 (5th Cir. 2001), *vacated and remanded,* 535 U.S. 1014 (2002). The United States Supreme Court granted certiorari and vacated the judgment on April 22, 2002, remanding it for further consideration in light of *Ashcroft v. Free Speech Coalition*, 122 S. Ct. 1389 (2002). *Tampico v. United States*, 535 U.S. 1014 (2002).

On remand, the trial court re-examined the evidence under the new standard articulated in *Ashcroft*, determined that the parties' stipulation of facts supported Plaintiff's conviction without being unconstitutionally broad, and found that there was sufficient evidence to sustain his conviction. [Crim Doc. No. 171 at 4-5]. Plaintiff was re-sentenced on February 18, 2003. [Crim. Doc. No. 172]. Plaintiff again appealed, and the Fifth Circuit affirmed his conviction and sentence. *United States v. Tampico*, 105 F. App'x 593, 2004 WL 1730376 (5th Cir. Aug. 3, 2004); [Crim. Doc. No. 187]. Plaintiff did not seek a writ of certiorari in the United States Supreme Court, so his case was final ninety days later on November 1, 2004. Sup. Ct. R. 13.

Plaintiff filed his Original Complaint in the instant action on October 29, 2017, seeking $1 million, or, "should the Plaintiff's property still exist, order the return of said property," and costs of suit. [Civ. Doc. No. 1 at 5]. Although he names only Defendant Martinez in his

individual capacity, the United States of America should have been the proper defendant for his suit in equity for the return of his property ("should [it] still exist"), *see, e.g., Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007), while Martinez is the proper party for an action for monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to the extent that a *Bivens* claim would apply in this context. Consequently, while Plaintiff has only sued Martinez, this opinion refers to Defendants in the plural.

Plaintiff alleges that on November 4, 2011, Martinez returned some of Plaintiff's property to his "paralegal representative," Lynn Reeves ("Reeves"), but that Martinez refused to release the bulk of Plaintiff's property that day. [Civ. Doc. No. 16-1 at 15-18]. Specifically, Plaintiff attaches a "Receipt for Property Received/Returned/Released/Seized" dated November 4, 2011 and signed by Reeves and Martinez, indicating that assorted electronics, VCRs, camera, remote controls, stereo speakers, scanner, printer, a file folder with his father's papers, World War II slides, and a TV were all returned to Reeves on that date. [Civ. Doc. No. 1 at 7].

Defendants filed a motion to dismiss, which the Court has converted to a motion for summary judgment because it relies on evidence outside the pleadings, as does Plaintiff's response in opposition. [Civ. Doc. No. 17]. Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations. [Civ. Doc. No. 11]. Martinez submits a declaration stating that Plaintiff's property has been destroyed. [Civ. Doc. No. 11-1]. He also asserts his entitlement to qualified immunity.

Plaintiff has filed a response in opposition, submitting evidence, including a declaration from Reeves, and other papers from his criminal case. [Civ. Doc. No. 16 and attachments thereto]. He argues that he has a *Bivens* claim against Martinez for the disposal of his property without due process and questions whether his property has been destroyed. [*Id.*].

## II.   LEGAL STANDARD

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "Mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## III.   DISCUSSION

### A.   Return of Property Claim under 28 U.S.C. § 1331

Plaintiff's claim for the return of property after the conclusion of his criminal proceeding is an action under 28 U.S.C. § 1331 against the United States in equity subject to a six-year statute of limitations pursuant to 28 U.S.C. § 2401(a). *Bailey*, 508 F.3d at 738 (citing *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004)); *see also United States v. Rodriguez*, 220 F. App'x 338, 339 (5th Cir. 2007). Under federal law, a cause of action accrues "when the plaintiff

is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (citations omitted). A cause of action for return of seized property where no forfeiture proceedings were conducted accrues "at the end of the 'limitations period during which the government is permitted to bring a forfeiture action, at which the claimant—without other notice—had reason to know that the forfeiture proceedings had begun (or that the property was being held) without due process.'" *Bailey*, 508 F.3d at 740 (quoting *Polanco v. Drug Enforcement Admin.*, 158 F.3d 647, 654 (2d Cir. 1998)). Courts in the Fifth Circuit have calculated this to mean that an action for the return of property seized by the government accrues five years after the seizure of the property and, therefore, a plaintiff must file his motion for the return of property within eleven years of the date of seizure. *See, e.g., Landry v. United States*, 600 F. App'x 216, 218 (5th Cir. Jan. 21, 2015) (per curiam); *Brown v. United States*, No. 1:01-CR-10012-02, 2017 WL 4979865, at *2 (W.D. La. Mar. 29, 2017). By this measure, Plaintiff had until July 24, 2009, or eleven years after his property was seized on July 24, 1998, to bring this action for the return of his property. He is over eight years too late.

Some courts have held that where, as here, there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action for return of property accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property. *See Katouzi v. U.S. Dept. of Homeland Sec.*, 537 F. App'x 320, 321 (5th Cir. 2013) (citing *Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (holding that the plaintiff's claim accrued *on the day he was sentenced* and noting that "[w]hen property is seized and not returned or forfeited, 'the claimant knows that he has a present right to its return, and shouldn't be permitted to postpone his request for its return indefinitely'" (citation omitted)). As set forth above, Plaintiff's criminal case was final on November 1, 2004, when the time expired for Plaintiff to

seek a writ of certiorari from the Supreme Court on his direct appeal. Even if the Court tolled the time his case was on appeal, Plaintiff's civil action for the return of his property accrued no later than November 1, 2004, with the limitations period expiring on November 1, 2010. Plaintiff's claim, filed that the end of October 2017, is almost seven years late. Although equitable tolling could apply to the limitation period under § 2401(a), there is no indication that Plaintiff exercised due diligence when he waited until late 2017 to file his claim for the return of that property. *See Rodriguez*, 220 F. App'x at 340 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Other than presenting a letter stating that he was unable to use the law library for one month in 2017, Plaintiff tenders no justifiable explanation for his delay. [Civ. Doc. No. 1 at 17]. Plaintiff's claim for return of property is barred by limitations.

Even if the claim were not barred by limitations, Defendants have presented Martinez's sworn Declaration as evidence that the prosecuting Assistant United States Attorney ("AUSA") in Plaintiff's criminal case gave Martinez authorization to release or destroy the remaining evidence in Plaintiff's case, and that Martinez then gave permission for FBI evidence personnel to dispose of Plaintiff's remaining property. [Civ. Doc. No. 11-1 at 3]. Martinez testifies that on August 16, 2012, all of the remaining items were disposed of in accordance with that authorization. [*Id.*]. Although Plaintiff questions whether his property has been destroyed, he does not submit controverting evidence to raise a genuine issue of material fact regarding the disposal of his property. To the extent that he seeks relief in the form of return of his property under 28 U.S.C. § 1331 in equity, "the government cannot return property it does not possess[.]" *Bailey*, 508 F.3d at 740. Therefore, Plaintiff's § 1331 claim is subject to summary judgment on this alternative basis. *See id.* (stating that a motion for return of property should be denied if the district court found that the government no longer possesses the property); *Peña v. United States*,

157 F.3d 984, 987 (5th Cir. 1998) (finding that a Rule 41 motion for return of property that had been destroyed was properly denied).

**B.      *Bivens* Action**

Plaintiff seeks a $1 million monetary remedy from Martinez in his individual capacity. [Civ. Doc. No. 1 at 1, 5]. Assuming without deciding that such a claim is appropriate under these facts, the Court construes Plaintiff's allegations seeking monetary damages against a federal officer in his individual capacity as a *Bivens* claim against Martinez. *See Peña*, 157 F.3d at 987.

In Texas, a two-year statute of limitations governs *Bivens* actions. *See Rodriguez*, 220 F. App'x at 340 (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). As noted above, under federal law, a cause of action accrues "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" *Gartrell*, 981 F.2d at 257. In other words, the cause of action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*; *see also Adrian v. Selbe*, 364 F. App'x 934, 937 (5th Cir. 2010) (citation omitted). "Actual knowledge is not necessary, though, for the limitations period to commence 'if the circumstances would lead a reasonable person to investigate further.'" *Adrian*, 364 F. App'x at 937 (quoting *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir.1995)).

In response to Martinez's motion, Plaintiff submits the Declaration of Lynn Reeves, his paralegal representative hired and authorized to collect his property from Martinez. [Civ. Doc. No. 16-1 at 15-18]. Reeves states that she first contacted Defendant in March 2011 about retrieving the property, and at that time, Martinez indicated that he needed to go through the boxes to see what could be released and that "he would mainly release the deceased father's effects and only certain property of [Plaintiff], which he thought would be minimal." [*Id.* at 16

¶¶ 5-6]. Reeves further states that she was "given to believe that Mr. Martinez would go through little effort to help [Plaintiff] in this matter and we were extremely lucky to receive any of the property." [*Id.* at 16-17 ¶ 6]. Martinez had asked Reeves to send a list of the property Plaintiff and his family were specifically concerned about receiving. [*Id.* at 17 ¶ 8]. Reeves reports that on April 3, 2011, she emailed Martinez a list of specific items the family wanted, but also general requests for Plaintiff's family photos, and other boxes that would be acceptable to receive. [*Id.*]. Reeves states that when she went to Houston on November 4, 2011 to retrieve the property, Martinez led her to certain boxes that were not pornographic and showed her some photos. [*Id.* ¶ 10]. Reeves asked Martinez to release those photos to her, but he refused. [*Id.*]. Reeves also asked Martinez about the $900 that had been seized, and he stated that he never had it and that Plaintiff "would not be getting it back." [*Id.* at 18 ¶ 12]. Reeves also discloses that "on arriving back in Utah, *and understanding that Mr. Martinez wanted to destroy the rest of the property*, I attempted to contact Mr. Martinez on several occasions" but "never received a call or communication back from Mr. Martinez." [*Id.* at 18-19 ¶ 15 (emphasis added)]. Reeves, who was hired as Plaintiff's representative and was authorized to oversee the return of his property, understood that Martinez intended to destroy the rest of Plaintiff's property and had unequivocally refused to release requested items on August 4, 2011. Therefore, by late 2011, Plaintiff knew or had reason to know that Martinez had refused to return his property and that he "would not be getting it back." [*Id.* 18 ¶ 12]; *see also Verizon Emp. Benefits Comm. v. Frawley*, 655 F. Supp. 2d 644, 648–50 (N.D. Tex. 2008), *aff'd*, 326 F. App'x 858 (5th Cir. 2009) (holding that the knowledge of accrual of a claim by an agent is imputed to the principal where the agent is hired "to represent the principal with respect to a given matter and acquires knowledge material to that representation") (quoting *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994)).

Because Plaintiff was in possession of the critical facts for his *Bivens* claim by late 2011, when Martinez had refused to return property and informed Reeves that Plaintiff would not be getting it back, his *Bivens* action accrued at that time. *Gartrell*, 981 F.2d at 257. His instant lawsuit, filed in October 2017, is untimely by almost four years. *See Rodriguez*, 220 F. App'x at 340 (holding that the plaintiff's *Bivens* action was barred by limitations) (citing *Peña*, 157 F.3d at 987). Accordingly, Plaintiff's *Bivens* action is subject to summary judgment as barred by limitations and must be dismissed.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.  Defendant Martinez's Motion to Dismiss [Civ. Doc. No. 11], which has been converted to a Motion for Summary Judgment, is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice as barred by the applicable statute of limitations.

2.  All other pending motions, if any, are **DENIED as MOOT**.

3.  A separate Final Judgment shall issue.

The Clerk shall send copies of this Order to the parties.

SIGNED at Houston, Texas, this ___22nd___ day of March, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE