UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN TAMPICO, BOP #79426-079, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. H-17-3631 |
| UNITED STATES OF AMERICA, *et al*, | § § § § | |
| Defendants. | | |

## ORDER

On March 22, 2019, the Court dismissed this case after converting Defendants' motion to dismiss to a motion for summary judgment and providing the proper notice to the parties pursuant to Federal Rule of Civil Procedure 12(d). *See* Doc. Nos. 17, 18. Plaintiff has filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. No. 20). For the reasons that follow, the motion is **DENIED**.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.*; *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a party cannot attempt to obtain "a second bite at the apple" by presenting new theories or re-litigating old issues that were previously addressed).

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

Plaintiff does not dispute that his hired representative, Lynn Reeves, knew that Defendant Angel Martinez had refused to give her most of Plaintiff's property and that the remainder of his property that was not returned to her on November 4, 2011 would be disposed of or destroyed. Although Plaintiff still questions whether his property has been destroyed, he did not submit controverting evidence on summary judgment to raise a genuine issue of material fact regarding the disposal of his property and does not submit any newly discovered evidence now. As noted in its March 2019 Order, "the government cannot return property it does not possess[.]" *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007). Therefore, Plaintiff's motion does not alter the Court's conclusion that his claim in equity under 28 U.S.C. § 1331 for return of property was subject to dismissal on summary judgment based on the uncontroverted evidence that the United States government no longer possesses that property.

Likewise, Plaintiff's motion does not alter the Court's conclusion that his claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is time-barred. As noted above, Plaintiff's evidence establishes that his representative retrieved some of his property on November 4, 2011 and that Martinez refused to release the rest of the property to her at that time. Plaintiff's evidence also confirms that Reeves was well aware that the property was going to be disposed of or destroyed and that Plaintiff would not be getting it back. Plaintiff knew or had reason to know of the injury which forms the basis of his *Bivens* claim at that time. At the very least, the circumstances would have led a reasonable person to investigate further. *See Adrian v. Selbe*, 364 F. App'x 934, 937 (5th Cir. 2010). Accordingly, Plaintiff does not show that the Court committed a manifest error of law or fact regarding his case or that there is newly

discovered evidence that would change the Court's conclusion that his *Bivens* action, filed almost six years after the alleged injury, is time-barred.

Accordingly, the Court **ORDERS** that Plaintiff's motion for reconsideration under Rule 59(e) (Doc. No. 20) is **DENIED**.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Houston, Texas, this ___26th___ day of July, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE